Circuit Court of Cuyahoga County.

JOHN MEEK v. JOSEPH V. McGORRAY, SHERIFF. *

Decided, March 28, 1908.

A police justice may punish for a contempt committed in his presence while he is in the exercise of his official duties.

*Miller & Linder*, for plaintiff in error.
*S. V. McMahon*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The only question in this case is whether one appointed a police justice under Section 1536-884*a*, Revised Statutes, may, while in the exercise of his official duties as such, punish for contempt committed in his presence. Section 605, Revised Statutes, provides that a justice may punish, as for contempt, persons guilty of "disorderly," "contemptuous" or "insolent behavior," toward the justice, tending to interrupt the due course of trial, or other judicial proceeding before him.

Section 1536-783 provides that:

"In felonies, and other criminal proceedings * * * the mayor shall have jurisdiction and power, throughout the county, concurrent with justices of the peace."

Section 1536-884*a*, under which police justices may be appointed, provides that any person so appointed police justice shall "have concurrent jurisdiction of all prosecutions for violations of ordinances of the corporation with full powers to hear and determine the same, and shall have the same powers, perform the same duties and be subject to the same responsibilities in all such cases as are prescribed in the Revised Statutes of Ohio, to be performed by and are conferred upon the mayors of such corporations."

Since the statute provides that a justice of the peace may punish for contempt, and that he who presides at a trial, as

---

*Affirmed without opinion, 81 O. S., 542.

provided for in the statutes authorizing mayors to preside at trials, shall have the same authority to punish for a contempt as the justice has, and the statute further provides that in all such criminal trials the police justice shall have the same authority and perform the same duties as the mayor, it seems to follow, without question, that the police justice may punish for contempt. But even without the statute the case of *Hale* v. *State,* 55 O. S., 210, goes a long way to support the proposition that every court has inherent power, without authority of statute, to punish for contempts committed in its presence. It is true that the syllabus in that case speaks of courts created by the Constitution, but the reasoning of the case is to the effect that in the very nature of things, he who presides as a judge in a superior or inferior court, must have authority to punish for contempts committed in the presence of the court.

We reach the conclusion, then, that the judgment of the court of common pleas should be, and it is affirmed.